## THE N. Y. & N. H. R. R. CO. *v.* MORRIS KETCHUM & EDWARD BEMENT, SURVIVORS.

*Appeal—Pleadings— When determined sufficient.*

When a case has been in this Court on appeal and has been sent back to the Special Term for a new trial, this Court must necessarily have determined the pleadings to have been sufficient to sustain a judgment.

When the judgment has been reversed because the Court below improperly denied the ruling asked, it necessarily follows that the Court deemed the pleadings to be sufficient to entitle the party to the ruling sought.

BOOKES, J.—After a careful examination of the case, I am satisfied that this appeal presents no question for our consideration not fully determined by this Court when the case was here on the former appeal (34 N. Y. 30).

It must necessarily have been then determined that the pleadings were sufficient to authorize the judgment in favor of Ketchum, Rogers & Bement, to which it was found they were entitled, or the case would not have been sent back to the Special Term for re-trial.   The judgment was reversed as to those Defendants, and a new trial was granted them, for the reason that they had been improperly denied affirmative relief.   If the pleadings were insufficient to authorize it, such relief could not have been improperly denied them, and the judgment should have been affirmed.

But the Court came to the conclusion, and held that, under the pleadings and proofs, the Defendants, Ketchum, Rogers & Bement, were entitled to affirmative relief.

The question as to the sufficiency of the pleadings was therefore settled by that adjudication, and is not now open for discussion.

So, also, it was adjudicated on the former appeal, that the fact that Morris Ketchum, one of the firm of Ketchum, Rogers & Bement, was a director in the N. Y. & N. H. R. R. Co., did not deprive the firm of the right to recover against the company by reason of its negligence.   This precise question was presented on the former appeal, and was carefully considered by the Court, as appears by the elaborate opinion of Mr. Justice Davis, whose views were concurred in and adopted by a majority of his associates.

He says : " It seems that the Court below denied all remedy to this firm (consisting of Ketchum, Rogers & Bement), on the ground that Ketchum, one of the firm, was a director of the corporation during the entire period of the frauds committed by the transfer agent, and was therefore in some sense chargeable with the consequences, because of the neglect of the board of directors."

He then proceeds to a discussion of the question, and closes by saying :

" In my opinion it was error to refuse relief to this firm on the grounds above indicated."

Thus it appears that the reversal of the judgment was put on the express ground that the Supreme Court committed an error in holding that Ketchum's directorship in the company bound the claim of the firm of which he was a member.   No new facts were elicited on the re-trial to change the case.

It stands now as it stood when here before, in every material particular.   If any question was settled by the adjudication on the former appeal, it was this ; and if the rule of *stare decisis* is of any value, it should be adhered to in this case, when the precise question is again presented, in the same Court, between the same parties, and substantially on the same state of facts.

I regard every question which can be raised on this appeal definitely settled in favor of the Respondent by the former adjudication.   The reasoning of the learned judge who gave expression to the views of the Court is conclusive and exhausting.   Its completeness should not be marred by any attempt to add suggestions by way of argument or illustration.

The judgment must be affirmed with costs.

All the Judges concurred except Porter, J., who having been counsel in the case expressed no opinion.

All affirm.